United States Court of Appeals
Fifth Circuit

**F I L E D**

**August 11, 2003**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 02-10911
Summary Calendar

_____

JESSIE CROSS; IDA BELL HARGROVE; SHELANA SMITH; CHRISTINA SMITH,

Plaintiffs-Appellants,

versus

FFP OPERATING PARTNERS, LP, a/k/a DRIVERS TRAVELMART; KATHY REYNOLDS; KATHY GRIFFIN,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 7:99-CV-00160

_____

Before JOLLY, WIENER, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Plaintiffs appeal the district court's final judgment in favor of defendants in this race discrimination suit brought under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., and the Civil Rights Act of 1991, 42 U.S.C. § 1981a. Plaintiffs alleged that the General Manager of Driver's Travelmart, Kathy Griffin, engaged in disparate treatment discrimination in connection with their termination, and created a hostile work environment. The district court granted defendants' motion for

_____

[*] Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

summary judgment on the hostile work environment claim, and conducted a bench trial on the disparate treatment termination claims. At issue in the bench trial was the termination of four African-American female employees, whom the defendants argue were terminated for cause (plaintiffs Ida Bell Hargrove, Christina Smith and Shelana Smith violated the company's zero-tolerance attendance policies; Jessie Cross was terminated for theft). The district court found that the plaintiffs had presented no credible evidence of discriminatory motive in their termination, nor was there any credible evidence that the employer treated these employees differently from other, white employees. Essentially, the district court found that the evidence established Kathy Griffin to be a tough woman to work for; she terminated many employees of all races and genders and applied the company's policies in a racially non-discriminatory manner. In fact, the district court noted that under Griffin's supervision, one hundred employees were terminated for violations of the attendance policy, only eight of whom were African American; similarly, twelve employees were terminated by Griffin for theft, and only two of those were African-American.

The plaintiffs argue that two errors by the district court warrant reversal: first, that the district court erred in refusing to consider proffered statistical evidence, consisting of defendants' employee roster, that allegedly demonstrates a pattern of discrimination; second, that the district court clearly erred in finding that the terminations at issue were not racially motivated.

After reviewing the briefs, the record, and the district court's opinion, we disagree.

Contrary to the plaintiffs' assertion, the district court did consider the employee roster; it simply rejected the plaintiffs' characterization of the roster's information. The plaintiffs relied on the roster to argue that seven African-American employees were terminated within a matter of days and that Griffin hired no African-Americans in the following thirteen months. The district court explicitly considered the information listed on the roster and found that the roster established that the plaintiffs were not treated any differently from many other employees who were terminated by Griffin. The roster failed to provide any evidence or indicia of intentional racial discrimination in termination. Thus the allegation of error in the district court's treatment of this exhibit is meritless.

With respect to the second alleged error, the district court's thorough opinion reveals the court's careful consideration of the credibility and weight of the evidence introduced through the testimony of various witnesses. The district court concluded that many witnesses offered conflicting and inconsistent testimony, were not credible, or were only motivated by dislike of the defendant, Kathy Griffin. The court also made factual findings, based on the plaintiffs' own evidence, to the effect that adverse working conditions at the Driver's Travelmart about which plaintiffs' witnesses testified were experienced by all employees, not just

African Americans.  In short, the plaintiffs have failed to convince this court that the credibility and factual determinations by the district court are in any way erroneous.  After our review of the ruling, the briefs and the record, we are not left with any sense that a mistake has been made; the district court's findings are supported by the weight of the evidence.

The district court's judgment that the plaintiffs failed to prove intentional race discrimination in the termination of these four women is, accordingly,

AFFIRMED.